ALMON, Justice.
This is an action under Code 1975, § 35-3 — 1, et seq., to determine the boundary line between coterminous landowners.
We will refer to the parties as Rice and Raburn. Rice brought suit to establish by adverse possession his boundary line to include a strip of land north of a survey line up to another line described in the transcript as the “turn row” line.
Raburn’s deed describes a tract of land which extends south to the survey line. *649 The testimony reflects that both Rice and Raburn, or their predecessors in title, farmed their respective parcels up to a turn-row which is north of the survey line.
The trial court, sitting without a jury, heard oral testimony, reviewed the stipulation submitted by the parties and personally viewed both properties and the lines in question. Raburn appeals from the judgment which establishes the boundary at the turn-row.
Raburn contends the evidence fails to support a finding that either Rice or his predecessors in title intentionally, openly, exclusively and notoriously adversely possessed the property up to the turn-row. He contends that the evidence clearly established that Rice did not intend to claim that which he did not own, and that he farmed up to the turn-row under a mistaken belief that it was the true property line. He argues that Rice’s farming up to the turn-row, because it was based upon mistake and because he did not intend to claim that which he did not own, is insufficient to ripen into adverse possession.
We have reviewed the evidence and find it sufficient to support the judgment. “A decree entered by a trial court establishing a boundary line between coterminous landowners is presumed to be correct. When evidence is submitted ore tenus, the decree must only be disturbed if plainly erroneous or manifestly unjust.” Nelson v. Garrard, 403 So.2d 230 (Ala. 1981).
AFFIRMED:
TORBERT, C. J., and FAULKNER, EM-BRY, and ADAMS, JJ., concur.